**JIAN LING ZHAO, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 06–0659–ag.

United States Court of Appeals, Second Circuit.

July 18, 2007.

Fengling Liu, New York, NY, for Petitioner.

Thomas P. Colantuono, United States Attorney, District of New Hampshire, Jennifer C. Davis, Assistant United States Attorney, Concord, NH, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. RALPH K. WINTER and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Jian Ling Zhao, a native and citizen of the People's Republic of China, seeks review of a January 30, 2006, order of the BIA affirming the September 9, 2004, decision of Immigration Judge ("IJ") Theresa Holmes–Simmons denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jian Ling Zhao*, No. A78 911 800 (B.I.A. Jan. 30, 2006), *aff'g* No. A78 911 800 (Immig. Ct. N.Y. City Sept. 9, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA adopts and supplements the decision of the IJ, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or fact-finding process was sufficiently flawed. *See Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS*, 359 F.3d 121, 129 (2d Cir.2004). We review *de novo* questions of law, including what quantum of evidence will suffice to discharge an applicant's burden of proof. *See*

*Islami v. Gonzales,* 412 F.3d 391, 396 (2d Cir.2005); *Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

First, we do not consider Zhao's illegal departure claim under the Convention Against Torture ("CAT"), because he has failed to argue the matter before this Court. Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 546 n. 7 (2d Cir.2005).

Based on the record before her, the IJ reasonably questioned Zhao's credibility; indeed, she concluded that Zhao had not established even the existence of the marriage and child that formed the basis of his claim. The IJ's adverse credibility finding was based both on portions of Zhao's testimony that she found implausible, and her finding that the corroborative evidence that Zhao submitted did not rehabilitate his testimony, which had already been called into question.

It was not unreasonable for the IJ to find implausible Zhao's claim that his wife was only a few months pregnant when she was coincidentally discovered by the family planning officials on the day she returned home and then taken for an abortion. Further, that unreliable testimony was exacerbated by insufficient corroboration.

The IJ properly found that the evidence Zhao submitted failed to prove the existence of his child. She discredited the birth certificate that Zhao submitted because it did not bear the child's name.

Not unreasonably, the IJ discounted the photos that Zhao submitted, because they showed only a baby in one photo and a woman with a baby in another. Neither is captioned with any identifying information as to who is in the photo or when it was taken, and nothing in the photos connects Zhao to the subjects therein.

The IJ properly found that Zhao failed to establish he was married and that Zhao failed to submit any evidence that his wife had an abortion, as he had not submitted any medical evidence to support that assertion.

Because the only evidence of a threat to Zhao's life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claim for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006); *Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).